**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CR-80035-ROSENBERG/REINHART**

**UNITED STATES OF AMERICA**

**vs.**

**BRANDON ANTONINE BATTLE,**

**Defendant.**

_____________________________________/

**PLEA AGREEMENT**

The United States Attorney's Office for the Southern District of Florida ("this Office") and Brandon Antonine BATTLE (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts One and Two of the Indictment. Count One of the Indictment charges the defendant with conspiracy to make a false statement to a firearms dealer, in violation of Title 18, United States Code, Section 371. Count Two of the Indictment charges the defendant with false statement to a firearms dealer, in violation of Title 18, United States Code, Sections 922(a)(6) and 2. The defendant agrees that he is, in fact, guilty of the offenses.

2. This Office agrees to seek dismissal of Counts Three, Four, Five, and Six of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be

determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that as to Count One of the Indictment the Court may impose a statutory maximum term of imprisonment of up to five (5) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution. The defendant also understands and acknowledges that as to Count Two of the Indictment the Court may impose a statutory maximum term of imprisonment of up to ten (10) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100.00 will

be imposed on the defendant as to each Count. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. Although not binding on the probation office or the Court, the United States and the defendant will jointly recommend that the Court make the following findings with regard to the defendant's offense level:

(a) Pursuant to U.S.S.G. § 2K2.1(a)(7), the base offense level is 12;

(b) Pursuant to U.S.S.G. § 2K2.1(b)(1)(A), the offense involved 3-7 firearms, resulting in a 2-level increase; and

(c) Other than a 2-level reduction for acceptance of responsibility, the parties jointly agree that there are no other guidelines enhancements nor reduction that apply in this case.

7. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an

additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by defendant, this Office, or a recommendation made jointly by the defendant and this Office.

10. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any firearm or ammunition involved in or used in the commission of the offenses, in violation of 18 U.S.C. § 922, or any violation of any other criminal law of the United States, pursuant to 18 U.S.C. § 924(d)(1). The property subject to forfeiture includes, but is not limited to:

a. One (1) Palmetto State Armory, Model AK-P7, 7.62x39 caliber semi-automatic pistol with serial number P7-014279; and

b. One (1) Springfield Armory, Model Hellcat, 9 millimeter semi-automatic pistol, with serial number BB204361.

11. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

5/23/2023
DATE

By: Shanna O'Shea Dauk FCR
BRIAN D. RALSTON
ASSISTANT UNITED STATES ATTORNEY

5/23/23
DATE

By: Robt E. Adler
ROBERT ADLER
COUNSEL FOR DEFENDANT

5/23/23
DATE

By: ______
BRANDON ANTONINE BATTLE
DEFENDANT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CR-80035-ROSENBERG/REINHART**

**UNITED STATES OF AMERICA**

**vs.**

**BRANDON ANTONINE BATTLE,**

**Defendant.**
_______________________________________/

## FACTUAL BASIS IN SUPPORT OF GUILTY PLEA

The United States of America and Defendant Brandon Antonine BATTLE, (hereinafter "Defendant") agree that had this case proceeded to trial, the United States would have proven the following elements and facts beyond a reasonable doubt as to Counts One and Two of the Indictment charging the defendant with Conspiracy to Make a False Statement to a Firearms Dealer, in violation Title 18, United States Code, Section 371, and Making a False Statement to a Firearms Dealer, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

### Elements

### Count 1: Conspiracy to Make a False Statement to a Firearms Dealer

**First**: The Defendant and co-defendant Rodney Joseph Martin Jr. in some way agreed to try to accomplish a shared and unlawful plan;

**Second**: The Defendant knew the unlawful purpose of the plan and willfully joined it;

**Third**: During the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the Indictment; and

**Fourth**: The overt act was committed at or about the time alleged and with the purpose of carrying out and accomplishing some object of the conspiracy.

**Count 2: Making a False Statement to a Firearms Dealer**

**First**: The Defendant bought a firearm from a federally licensed firearms dealer;

**Second**: The Defendant knowingly made a false and fictitious statement in writing that was intended to deceive the dealer; and

**Third**: The subject matter of the false statement was material to the lawfulness of the sale.

**Facts**

1. On May 28, 2022, the defendant and co-defendant Rodney Joseph Martin Jr. ("MARTIN") agreed to meet at the Florida Gun and Knife Show in West Palm Beach, Florida. The purpose of the meeting was for the defendant to purchase multiple firearms on behalf of MARTIN and to make a false statement to the federal firearms licensees that the defendant was the actual transferee/buyer of the firearms. On this same date, the defendant and MARTIN entered the Florida Gun and Knife Show wherein MARTIN instructed the defendant on the firearms he was to purchase for MARTIN. Thereafter, MARTIN provided United States Currency to the defendant and the defendant purchased the following firearms from federal firearms licensees:

   a. One (1) Palmetto State Armory, Model AK-P7, 7.62x39 caliber semi-automatic pistol, with serial number P7-014279 from ARMS HILL, LLC;

   b. One (1) Springfield Armory, Model Hellcat, 9 millimeter semi-automatic pistol, with serial number BB204361 from Florida Shore Firearms, LLC;

   c. One (1) Glock, Model G43X, 9 millimeter semi-automatic pistol, with serial number BWVD299 from D&D Sales & Service, Inc.; and

   d. One (1) Aero Precision, Model X-15, semi-automatic pistol, with serial number X460992 from JRC.

2. Again on July 9, 2022, the defendant and MARTIN agreed that the defendant, on behalf of MARTIN, would purchase the following firearms from the following firearms licensees:

a. One (1) FN Herstal, Model Five-Seven, 5.7x28 caliber semi-automatic pistol, with serial number 386411611 from PJAMMO, LLC; and

b. One (1) Century Arms, Model AP5 Storm, 9 millimeter semi-automatic pistol, with serial number T0624-21CD06055 from PJAMMO, LLC.

3. The defendant completed ATF Form 4473 for each of the firearms purchased. Each ATF form 4473 included a warning that a person is not the actual transferee/buyer of the firearm if the person is acquiring the firearm on behalf of another person. The defendant certified that he was the actual transferee/buyer of each firearm when in fact MARTIN and the defendant knew such statements were false in that MARTIN was the actual transferee/buyer of the firearms. Upon completing the purchase of the firearms, the defendant transferred the firearms to MARTIN.

4. During a traffic stop on July 10, 2022, officers from Palm Beach County Sheriff's Office seized the Palmetto State Armory, Model AK-P7, 7.62x39 caliber semi-automatic pistol and Springfield Armory, Model Hellcat, 9 millimeter semi-automatic pistol from MARTIN. Later that evening, the defendant sent a text message to MARTIN and stated, "I need serial if (sic) all the guns." MARTIN responded with text message photographs of the Glock, Model G43X, 9 millimeter semi-automatic pistol, the Aero Precision, Model X-15, semi-automatic pistol, the FN Herstal, Model Five-Seven, 5.7x28 caliber semi-automatic pistol and the Century Arms, Model AP5 Storm, 9 millimeter semi-automatic pistol.

5. All events occurred in the Southern District of Florida.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

5/23/2023
DATE

By: Shannon O'Shea Darsch for
BRIAN D. RALSTON
ASSISTANT UNITED STATES ATTORNEY

5/23/23
DATE

By: Robert E Adler
ROBERT ADLER
COUNSEL FOR DEFENDANT

5/23/23
DATE

By: ______________________
BRANDON ANTONINE BATTLE
DEFENDANT